IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAMONTE L. CURRIE,

                Plaintiff,

   v.

UNIT MANAGER MR. MARTINSON, ROBERT                OPINION and ORDER
MANN, DEAN GEHRING, SERGEANT ARNOLD,
SECURITY DIRECTOR JENSON, D.O.C. JACKSON              23-cv-315-jdp
CORRECTIONAL,

                Defendant.

---

Pro se plaintiff and prisoner Lamonte Currie alleges that defendants violated his rights by ignoring a work order to complete maintenance on a bench, which broke when Currie sat on it, causing him a severe back injury. Dkt. 1. Currie has made initial partial payment of the filing fee, as directed by the court. Dkt. 8.

The next step is to screen Currie's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915(e)(2), 1915A. When screening a pro se litigant's complaint, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Currie must allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Currie alleges that when he sat down on the bench of a picnic table in the courtyard it shattered; the resulting fall severely injured Currie's back. When Currie's injury occurred, there was a pending work order for that picnic table to be fixed. Currie alleges that the defendants knew that the work order existed but ignored it and that the defendants were aware that the

picnic tables in the courtyard pose a serious health and safety risk without seasonal maintenance.

Under the Eighth Amendment, prison officials cannot consciously disregard conditions that pose a risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 829 (1994). The challenged conditions must have been objectively "so serious that they created an excessive risk to the inmate's health and safety," and the defendant must have been subjectively aware of those conditions and intentionally disregarded them. *Balle v. Kennedy*, 73 F.4th 545, 552 (7th Cir. 2023) (citations, quotation marks, and alterations omitted). "Negligence, gross negligence, or even 'recklessness' as that term is used in tort cases, is not enough." *Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015) (citation omitted).

I will dismiss Currie's complaint for two reasons. First, I cannot tell whether the hazardous condition in this case—a bench in need of repair—is an objectively serious risk to health and safety. Currie does not say what maintenance it needed or what the work order to fix it contained. Prison officials may have been negligent in failing to provide routine maintenance to outdoor seating, but without more details about the risk posed by the bench Currie has not identified a sufficiently serious hazard to invoke the Eighth Amendment.

Second, Currie's complaint does not comply with Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief" so that defendants have fair notice of the claims against them. Because constitutional claims under 42 U.S.C. § 1983 must be based on a defendant's personal involvement in the constitutional violation, *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995), each individual defendant plaintiff wishes to sue in these actions must be able to understand what the individual defendant is alleged to have done to violate plaintiff's rights.

Currie's allegations are too vague to identify what any individual defendant did to violate his rights. Currie's most specific allegation is that Mr. Martinson "confirmed" the work order for the picnic table. Dkt. 1, at 3. I don't know what Currie means by "confirmed," and he does not explain why he believes Mr. Martinson harmed him. As for the other defendants, Currie does not explain who any of the individuals are or what role any of them had in connection with the work order. Currie alleges that the other defendants are supervisors, but for claims brought under § 1983 supervisors are generally not liable for misconduct by subordinates. *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 614 (7th Cir. 2002). Supervisors may be liable if they knew about unconstitutional "conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (citation omitted). Jackson Correctional Institution itself is not suable under § 1983, *see Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012), so is not a proper defendant in this case.

Because Currie's complaint does not comply with Rule 8, I will dismiss it. But I will give Currie a chance to file an amended complaint in which he explains what each of the named defendants specifically did to violate his rights. In drafting his amended complaint, Currie should remember to do the following:

- Simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who committed those acts; and (4) what relief he wants the court to provide.

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a violation of his rights.

3

- Explain why he believes that individual defendants acted intentionally to harm him or were aware of potential harm to him yet failed to protect him from that harm.

- State his allegations as if he were telling a story to people who know nothing about his situation.

If Currie does not file an amended complaint by the deadline set below, I will dismiss this case for his failure to state a claim and the court will record a "strike" against him under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Lamont Currie's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until December 28, 2023, to submit an amended complaint addressing the problems detailed in the opinion above. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case.

Entered December 7, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge