IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LAMONTE L. CURRIE,

                Plaintiff,

    v.                                                                     OPINION and ORDER

UNIT MANAGER MR. MARTINSON, ROBERT                                     23-cv-315-jdp
MANN, DEAN GEHRING, and SERGEANT
ARNOLD,

                Defendants.

Plaintiff Lamonte L. Currie, without counsel, moves to reopen his case and to file an amended complaint. Dkt. 15. On January 17, 2024, I dismissed Currie's complaint for failure to state a claim because he failed to file an amended complaint by the deadline set in a prior order. Dkt. 13. Currie says that his access to the library and computers at Jackson Correction Institution was limited during the holiday season and that he did not receive any mail from the court about this matter until January 18, 2024. I will accept Currie's explanation for the delay.

I will screen Currie's amended complaint under to 28 U.S.C. §§ 1915(e)(2) and 1915A. In doing so, I must accept his allegations as true, see *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers, *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Currie's allegations support ordinary negligence claims, but they do not state claims under the United States Constitution. Because Currie fails to state a claim that can be heard by this federal court, I will deny his motion to reopen the case.

ALLEGATIONS OF FACT

Currie alleges that he suffered a fracture of his L1 vertebra because defendants ignored the danger posed by a bench in need of repairs, which broke and caused his injury when Currie sat on it. Several work orders had been submitted for the bench in the summer or fall of 2022 that reported that the bench was missing screws and bolts and that it had cracks in the wood holding it up. Currie's amended complaint alleges that Robert Mann, Dean Gehring, and Sergent Arnold were responsible for responding to all work orders and were aware that the work orders had been pending for at least six months when his injury occurred. Currie's amended complaint alleges that Martinson was manager of the unit, was aware of the work orders, and allowed the bench to remain where inmates could sit on it despite its need for repairs.

ANALYSIS

Currie contends that the defendants consciously disregarded the substantial risk of harm that the unrepaired bench posed to his safety in violation of the Eighth Amendment.

Prison officials violate the Eighth Amendment if they are subjectively aware of a prison condition that creates an excessive risk to an inmate's health and safety and consciously disregarded the risk. *Balle v. Kennedy*, 73 F.4th 545, 552 (7th Cir. 2023). To state such a claim, there must be an "objectively 'sufficiently serious' risk," which "is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) and *Helling v. McKinney*, 509 U.S. 25, 36 (1993)). When considering whether a condition presents an objectively serious risk, courts assess whether the type of risk

creates a threat to health and safety that society would not tolerate. For example, the Seventh Circuit has held that the risk of "slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement," *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014), and that a protrusive lip on a softball field "does not amount to a condition objectively serious enough" to state an Eighth Amendment claim, *Christopher*, 384 F.3d at 882. This principle applies even when the defendant's failure to conduct repairs created the risky condition. *See Watkins v. Lancor*, 558 F. App'x 662, 665 (7th Cir. 2014) (slippery floor created by a leaky dishwasher that was replaced after plaintiff was injured from a slip-and-fall was not a sufficiently dangerous condition to state an Eighth Amendment claim); *see also Gray v. McCormick*, 281 F. App'x 592, 594 (7th Cir. 2008) ("a faulty shower seat simply could not create a *substantial* risk of *serious* harm.").

I conclude that Currie's amended complaint does not describe a sufficiently serious risk to state an Eighth Amendment claim. The risk of a bench breaking because it has cracked wood and missing screws and bolts certainly poses some risk of harm (as illustrated by Currie's injury). But the risk of harm from a bench breaking when sat on is an ordinary hazard. It isn't so grave that exposure to it "would offend contemporary standards of decency." *Christopher*, 384 F.3d at 882.

Currie's allegations would support a claim for negligence under Wisconsin law. But a federal court may not hear cases involving only state-law claims unless a plaintiff can establish diversity jurisdiction. Diversity jurisdiction exists when: (1) the amount in controversy exceeds $75,000; and (2) the parties are citizens of different states. 28 U.S.C. § 1332. Currie alleges that he and the defendants are citizens of Wisconsin. Because the only viable claim that Currie has stated is not one that this court can consider, I will deny his motion to reopen the case.

Nor will I offer Currie an opportunity to amend his complaint, because I see no way that he could allege any additional fact that would support a federal cause of action.

## ORDER

IT IS ORDERED that Plaintiff Lamonte L. Currie's motion to reopen the case, Dkt. 15, is DENIED.

Entered February 6, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge